## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

**Civil Action No. 1:19-cv-10719-PBS**

| | |
|---|---|
| **In Re:** | ) |
| **CAPTAIN JUAN INC., as owners of the** | ) |
| **F/V CAPTAIN BILLY HAVER,** | ) |
| **Petitioner.** | ) |

### PETITIONER'S MOTION IN LIMINE RE: POLICE REPORTS

NOW COMES Captain Juan Inc. (hereafter, "Petitioner"), as owner of the F/V CAPTAIN BILLY HAVER (hereinafter, "the F/V CAPTAIN BILLY HAVER" or "the Vessel"), and respectfully requests that this Honorable Court exclude evidence of prior arrests of Franklin "Freddy" Meave Vazquez (hereinafter, "Mr. Vazquez"). Specifically, Petitioner requests that the Court exclude Exhibits 118 and 122 identified by Claimant, Graciela Sosa (hereinafter, "Claimant") in the parties' Joint Pretrial Memorandum and any testimony that Mr. Vazquez was arrested prior to his employment as member of the crew of the Vessel.  As further set forth below, these reports are irrelevant as Federal and Virginia law limit the inquiry employers, like Petitioner, can make into the criminal background of an applicant.  Even if Petitioner had made such an inquiry, Claimant has not demonstrated that such an inquiry would have put Petitioner on notice of the reports she seeks to introduce.  These reports must also be excluded as they contain inadmissible hearsay.  Furthermore, the reports have not been authenticated.  To the extent Claimant seeks to introduce these reports to prove Mr. Vazquez' character, admission of the reports is improper.

Insofar as Claimant seeks to introduce these reports in an attempt to show that Petitioner knew or should have known that Mr. Vazquez had a propensity for violence, Exhibits 118 and 122 are irrelevant and thus inadmissible under Rule 402 of the Federal Rules of Evidence.  Federal and Virginia law limit the inquiry and use of a prospective employee's criminal background by employers like Petitioner. Because of these limitations, Claimant cannot demonstrate that such an inquiry by Petitioner would have uncovered the offenses alleged in these police reports.  Finally, Claimant has not demonstrated that Petitioner deviated from the custom and practice of the industry.

Title VII of the Civil Rights Act of 1964, prohibits job place discrimination and protects employees and applicants from policies or practices that disproportionately screen out members of a particular race, ethnicity, or other protected class. Because arrest and incarceration rates tend to be disproportionately higher for African Americans and Latinos, the Equal Employment Opportunity Commission (EEOC), limits how employers, can screen out applicants who might be dangerous or pose a safety risk without engaging in discrimination.  In deciding whether a particular offense is job related and consistent with business necessity, employers must consider: the nature and gravity of the criminal offense; how much time has passed since the sentence or incarceration; and the nature of the job (including where it is performed, how much supervision and interaction with others the employee will have, and so on).

The Fair Credit Reporting Act (FCRA) also applies when an employee or applicant's criminal record is used in making employment determinations. The FCRA regulates accuracy in consumer reports, including background checks. Criminal background records may include errors, such as information on convictions that have been expunged, multiple listings of the same offense, misclassification of crimes, incomplete information (for example, failing to report that the person was exonerated of a crime or that charges were dropped), and even records that belong to another person with the same name.

Virginia law[1] limits a prospective employer's inquiry into and use of a prospective employee's criminal background. At the time of Mr. Vazquez's hiring Virginia law provided,

> Upon receipt of a written request from an employer or prospective employer, the Central Criminal Records Exchange, or the criminal justice agency in cases of offenses not required to be reported to the Exchange, shall furnish at the employer's cost a copy of ***conviction data*** covering the person named in the request to the employer or prospective employer making the request, provided that the person on whom the data is being obtained has consented in writing to the making of such request and has presented a photo-identification to the employer or prospective employer. In the event no conviction data is maintained on the person named in the request, the requesting employer or prospective employer shall be furnished at his cost a certification to that effect. The criminal history record search shall be conducted on forms provided by the Exchange.

Virginia Code § 19.2-389(H) (emphasis supplied).

---

[1] Petitioner, Mr. Vazquez, Claimant, and all members of the crew of the Vessel were, at all times relevant hereto, all domiciled in the Commonwealth of Virginia.

Even viewed in the light most favorably to Claimant, Exhibits 118 and 122 merely evidence that Mr. Vazquez was arrested.[2]  Claimant has not demonstrated, and cannot demonstrate, that Mr. Vazquez was ever convicted of either alleged offense.  Even if Mr. Vazquez were convicted of the alleged offenses, Exhibits 118 and 122 are irrelevant as they do not establish either that Mr. Vazquez had a propensity for violence or that Petitioner should not have hired him.

Exhibit 122 allegedly involves an arrest for drug possession discovered incident to a traffic stop in 2015, three years prior to Petitioner's hiring of Mr. Vazquez.  While someone arrested for drug possession might not be an ideal employee, nothing Exhibit 118 suggests that Mr. Vazquez was unfit to be a member of the crew of the F/V CAPTAIN BILLY HAVER three years later.  Consequently, Exhibit 122 is irrelevant and must be excluded.

Although Exhibit 118 involves a domestic disturbance between Mr. Vazquez and his wife, it still does not tend to make any fact of consequence in determining this action more probable than not.  Again, Claimant has not shown that Mr. Vazquez was ever charged, let alone convicted, of domestic assault.  In fact, Mr. Vazquez concedes that he and his wife were arguing about getting a divorce but, he denies becoming violent.  If Petitioner were aware of this police report prior to hiring Mr. Vazquez it would still be insufficient to show that Petitioner knew or should have

---

[2] As this matter is currently scheduled for a bench trial in which this Honorable Court would determine liability, Petitioner is not presently producing the reports out of concern that doing so might be unduly prejudicial.

known that he might become violent on the Vessel.   Therefore, Exhibit 118 is irrelevant and cannot be admitted.

Notwithstanding their lack of relevance, Exhibits 118 and 122 must be excluded because they contain inadmissible hearsay.  "Statements in police reports made by individuals other than the reporting officer constitute hearsay upon hearsay, and are therefore inadmissible." United States v. Paladin, 748 F.3d 438, 446 at Fn. 6 (1st Cir. 2014) (quoting, United States v. Walthour, 202 F. App'x 367, 371 (11th Cir. 2006) (per curiam))(internal quotations and ellipses omitted).

Exhibit 122 contains some statements of the arresting officer concerning the traffic infraction he actually witnessed.  However, it also contain his opinions as to the substances he allegedly observed without stating his qualifications to render such an opinion.  Exhibit 122 contains hearsay within hearsay insofar as the reporting officer recites the subsequent conclusions by "Riverside Regional Medical Center" purporting to identify the substances.  Exhibit 118 fares no better.  In that report, the reporting offer recounts the story that was told to him by Mr. Vazquez' wife. Nothing in Exhibit 118 is based upon the personal knowledge of the reporting officer. In fact, Mr. Vazquez expressly denies his wife's allegation.  Consequently, Exhibits 118 and 122 are inadmissible hearsay.

Far from being certified copies of criminal convictions that might otherwise be admissible, Exhibits 118 and 122 are unauthenticated and lack any indicia of reliability.   In fact, several pages of Exhibit 118 are stamped "**UNAPPROVED**". These reports are not certified and untrustworthy and, therefore, must be excluded.

Finally, to the extent Claimant seeks to introduce Exhibits 118 or 122 to establish that Mr. Vazquez actually had a propensity for violence, such a use is contrary to Rule 404. Rule 404(b)(1) provides, in relevant part, that "Evidence of any other crime, wrong, or act is not admissible to prove a person's character…" Insofar as Claimant seeks to introduce Exhibits 118 and 122 to prove that Mr. Vazquez was an unseaworthy crew member, her efforts run afoul of Rule 404(b)(1) express prohibition against the admission of evidence of a prior crime for the purpose of proving a person's violent character.

WHEREFORE, Petitioner respectfully requests that this Honorable Court exclude Exhibits 118 and 122 and any reference to Mr. Vazquez' arrest. Finally, Petitioner respectfully requests such additional or alternative relief as law and equity may require

Respectfully Submitted,

For the Petitioner,
**Captain Juan Inc., as owners of
the F/V CAPTAIN BILLY HAVER,**
By its attorneys,

**Regan & Kiely, LLP,**

/s/ Francis G. McSweeney
Joseph A. Regan, Esquire (BBO #543504)
Francis G. McSweeney, Esq. (BBO #682922)
40 Willard Street, Suite 304
Quincy, MA  02169
(617)723-0901
(617)723-0977 *facsimile*
jar@regankiely.com
fgm@regankiely.com

Dated: February 4, 2022

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document filed through the ECF system, will be sent electronically to all registered participants as identified on the Notice of Electric Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on February 4, 2022.

/s/ Francis G. McSweeney
Francis G. McSweeney