UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

                                                           **Civil Action No. 1:19-cv-10719-PBS**

| | |
|---|---|
| In Re: | ) |
| CAPTAIN JUAN INC., as owners of the | ) |
| F/V CAPTAIN BILLY HAVER, | ) |
|         Petitioner. | ) |

**PETITIONER'S MOTION IN LIMINE RE: EXHIBIT 115**

NOW COMES Captain Juan Inc. (hereafter, "Petitioner"), as owner of the F/V CAPTAIN BILLY HAVER (hereinafter, "the F/V CAPTAIN BILLY HAVER" or "the Vessel"), and respectfully requests that this Honorable Court exclude a purported photograph of Franklin "Freddy" Meave Vazquez (hereinafter, "Mr. Vazquez") identified by Claimant, Graciela Sosa (hereinafter, "Mrs. Sosa"), as Exhibit 115. As set for below, this photograph, which appears to have been taken in connection with an arrest, not been authenticated. The captain of the F/V CAPTAIN BILLY HAVER, Captain Jose Araiza (hereinafter, "Capt. Araiza"), was shown this photograph at his deposition and testified that it was not a fair and accurate representation of the man he hired to work on the F/V CAPTAIN BILLY HAVER. Consequently, Petitioner requests that this Honorable Court exclude Exhibit 115.

Exhibit 115 should be excluded because Claimant cannot carry her burden of laying the proper foundation for the photograph admissibility, showing that it is relevant, or having a witness that can testify as to whether it fairly and accurately depicts Mr. Vazquez at, or reasonably near to, the date and time that he was hired. Capt. Araiza's testimony was the opposite. Furthermore, Rule 403 of the Federal

Rules of Evidence provides that, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Exhibit 115 is a photograph of Mr. Vazquez that appears to have been taken in connection with an arrest.[1] However, as Claimant has neither certified nor authenticated the photograph, it is impossible to know with any degree of certainty when, under what circumstances, and by whom the photograph was taken. Capt. Araiza was deposed during discovery and did identify the person in the photograph as Mr. Vazquez. However, Capt. Araiza testified,

> Q. Do you recognize who is depicted in the photograph marked Exhibit 37?
>
> A. Do I recognize this guy?
>
> Q. Yes.
>
> A. Yes.
>
> Q. Who is it?
>
> A. That's Vasquez.
>
> Q. And is that how he generally appeared to you in September of 2018, when he presented --
>
> A. No.
>
> Q. -- himself for employment and worked on your vessel?
>
> A. No, no.
>
> Q. How is he different in this photograph?

---

[1] As this matter is presently scheduled for a bench trial, Exhibit 115 is not submitted in connection with this motion.

> A. He looks all fucked up.
>
> Q. Pretty obvious, isn't it?
>
> A. Yeah, yeah.
>
> Q. And if he appeared this way when he showed up at the BILLY HAVER on September 18, 2018 to begin that trip, you would have known he was pretty fucked up, right?
>
> A. I would have noticed it, yes.
>
> Q. All right. And you would never have hired him, correct?
>
> A. Correct, especially if he was the second one to sign that crew manifest right after me. That means that I handed him the crew manifest. So I would have noticed it. I would have seen him.

<u>Deposition of Capt. Jose Araiza</u>, dated April 15, 2021, 378:24 – 380:3. Claimant cannot demonstrate that Exhibit 115 is a fair and accurate representation of Mr. Vazquez at the time Capt. Araiza hired him. Therefore, the photograph has no tendency to prove that Petitioner was negligent in hiring Mr. Vazquez. As Mr. Vazquez appeared differently in the photograph than he did when he presented for hiring, Exhibit 115 is unfairly prejudicial and inadmissible under Rule 403 of the Federal Rules of Evidence.

WHEREFORE, Petitioner respectfully requests that this Honorable Court exclude Exhibit 115 and grant Petitioner such additional or alternative relief as law and equity may require

    Respectfully Submitted:

    For the Petitioner,
    **Captain Juan Inc., as owners of**
    **the F/V CAPTAIN BILLY HAVER,**
    By its attorneys,

    **Regan & Kiely, LLP,**

/s/ Francis G. McSweeney
Joseph A. Regan, Esquire (BBO #543504)
Francis G. McSweeney, Esq. (BBO #682922)
40 Willard Street, Suite 304
Quincy, MA  02169
(617)723-0901
(617)723-0977 *facsimile*
jar@regankiely.com
fgm@regankiely.com

Dated: February 4, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system, will be sent electronically to all registered participants as identified on the Notice of Electric Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on February 4, 2022.

/s/ Francis G. McSweeney
Francis G. McSweeney
