UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re:<br>Petition of CAPTAIN JUAN INC.,<br>as owner of the F/V CAPT. BILLY HAVER,<br>for Exoneration from or Limitation of Liability | )<br>)<br>)   Civil Action No. 19-cv-10719-PBS<br>)<br>)<br>) |

## DEFENDANT, GRACIELA SOSA'S, MOTION *IN LIMINE* TO PRECLUDE THE PETITIONER FROM OFFERING EXPERT WITNESS TESTIMONY FROM RECENTLY DISCLOSED "EXPERTS" DANA COLLYER AND JUAN ARAIZA

Now comes the Defendant, Graciela Sosa, and pursuant to F.R.Civ.P. 37(b), Fed. R.Civ.P. 37(c) and F.R.Civ.P. 26(a)(2), respectfully requests that this Honorable Court enter an Order precluding the Petitioner from offering into evidence any FRE 702 expert witness opinion testimony from its recently disclosed expert witnesses Dana Collyer and Juan Araiza.

As grounds thereof Defendant states that, last Friday night, February 4, 2022, after the parties filed their Joint Pretrial Memorandum [Doc. #140], counsel for the Petitioner sent an e-mail containing a F.R.Civ.P. 26(a)(2) Expert Witness Disclosure formally disclosing for the first time, Dana Collyer and Juan Araiza as FRE 702 expert witnesses through whom the Petitioner intends to offer expert opinion testimony at trial including opinion testimony relating to the value of the F/V CAPT. BILLY HAVER. By Order dated March 22, 2021 [Doc. #74] this Court Ordered that the parties disclose all expert witnesses no later than August 31, 2021 and complete all expert discovery no later than September 31, 2022.

1

In this Motion in Limine Defendant, Sosa, seeks to exclude expert opinion testimony from Dana Collyer and Juan Araiza on the following grounds:

1. TIMELINESS  Petitioner's Rule 26(a)(2) Expert Witness Disclosure was not timely.  Petitioners disclosure was served more than six months after it was ordered to be disclosed by the Court and after the Defendant identified her trial witnesses, listed her exhibits and otherwise framed her case through the filling of the Joint Pretrial Memorandum.  Petitioner's failure to comply with the expert disclosure deadline Ordered by this Court severely and unfairly prejudice's the Defendant.  Accordingly, pursuant F.R.Civ.P. 37(b) and Fed. R.Civ.P. 37(c) Defendant, G Sosa seeks to exclude all expert witness testimony from Mr. Collyer and Mr. Araiza and in particular opinion testimony relating to the value of the F/V CAPT. BILLY HAVER.

2. FAILURE TO COMPLY WITH REQUIREMENTS OF RULE 26(a)(2)  Petitioner's Rule 26(a)(2) Expert Witness Disclosure does not comply with the disclosure requirements set forth in F.R.Civ.P. 26(a)(2)(B) as to Petitioner's "retained" expert, Dana Collyer, and does not comply with F.R.Civ.P. 26(a)(2)(C) as to Petitioner's "non-retained" expert, Juan Araiza.  Accordingly, pursuant F.R.Civ.P. 37(b) and Fed. R.Civ.P. 37(c) Defendant Sosa seeks to exclude all expert witness testimony from Mr. Collyer and Mr. Araiza and in particular opinion testimony relating to the value of the F/V CAPT. BILLY HAVER.

3. FAILURE TO DISCLOSE FACTS & DATA FORMING BASIS OF OPINON  On March 26, 2021 Judge Bowler ordered the Petitioner to produce the documents identified and requested within Defendant's Notice of 30(b)(6) Deposition of Petitioner, including "any document the Petitioner claims is evidence of the value of the vessel", three days prior to the start of this 30(b)(6) deposition.  Trans. 3/26/21 Motion Hearing [Doc. #90, Page 20, Line 18].

Despite this specific court order to do so, and the Petitioner's more general obligation to disclose documents it "may use to support its claims" as set forth in Rule 26(a)(1)(A)(ii), to answer and if necessary supplement its answers to interrogatories as set forth in Rules 33 & 26(e) and to produce, requested documents as set forth in Rules 34 & 26(e), the documents which Petitioner's expert, Dana Collyer, relies upon as evidence of the value of Petitioner's vessel, were not produced at Petitioner's 30(b)(6) deposition, were not produced in response to Sosa's Request for Production of Documents, and where not identified in Petitioners answers to interrogatories. Accordingly, pursuant F.R.Civ.P. 37(b) and Fed. R.Civ.P. 37(c) Defendant Sosa seeks to exclude all expert witness testimony from Mr. Collyer, and in particular opinion testimony relating to the value of the F/V CAPT. BILLY HAVER.

Defendant further relies upon the accompanying Memorandum in Support and the exhibits attached thereto.

WHEREFORE, pursuant to F.R.Civ.P. 37(b), Fed. R.Civ.P. 37(c) and F.R.Civ.P. 26(a)(2), Defendant, Sosa, respectfully requests that this Honorable Court enter an Order precluding the Petitioner from offering into evidence at trial any FRE 702 expert witness opinion testimony from Petitioner's recently disclosed "experts" Dana Collyer and Juan Araiza.

Respectfully submitted on
behalf of the Defendant/Claimant,
Graciela S. Sosa, by her attorneys

/s/ David F. Anderson
David F. Anderson (BBO #560994)
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@LattiAnderson.com

Dated: February 11, 2022

## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on the above date, I electronically filed the herewith document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

                                            /s/ David F. Anderson
                                            David F. Anderson