UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re:<br>Petition of CAPTAIN JUAN INC.,<br>as owner of the F/V CAPT. BILLY HAVER,<br>for Exoneration from or Limitation of Liability | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 19-cv-10719-PBS |

**DEFENDANT, GRACIELA SOSA'S MEMORANDUM IN SUPPORT OF:**

**DEFENDANT, GRACIELA SOSA'S, MOTION *IN LIMINE*
TO PRECLUDE THE PETITIONER FROM OFFERING EXPERT WITNESS
TESTIMONY FROM RECENTLY DISCLOSED "EXPERTS" DANA COLLYER AND
JUAN ARAIZA**

Now comes the Defendant, Graciela Sosa, and pursuant to F.R.Civ.P. 37(b), Fed. R.Civ.P. 37(c) and F.R.Civ.P. 26(a)(2), respectfully requests that this Honorable Court enter an Order precluding the Petitioner from introducing into evidence any FRE 702 expert witness opinion testimony from recently disclosed "experts" Dana Collyer and Juan Araiza.

As grounds thereof the Defendant Sosa relies upon the below memorandum and attached exhibits "A" through "J".

I.   **INTRODUCTION**

On February 4, 2022, after the parties filed their Joint Pretrial Memorandum [Doc. #140], counsel for the Petitioner sent an e-mail to opposing counsel containing a F.R.Civ.P. 26(a)(2) Expert Witness Disclosure (Attached hereto as Exhibit "A") formally disclosing for the first time, Dana Collyer and Juan Araiza as FRE 702 expert witnesses. While the timeliness of Petitioner's Expert Witness Disclosure is the most clear and obvious basis of Defendant's Motion to Exclude Experts, there are two additional basis for exclusion that are equally strong. As stated within Sosa's Motion to Exclude Experts there are three seperate basis upon which

1

Defendant seeks to exclude expert opinion testimony from Petitioner's recently disclosed experts, Collyer and Araiza. They are:

1. <u>Timeliness</u> of Petitioner's February 4, 2022 Expert Witness Disclosure.

2. Petitioner's <u>failure to comply with the substantive disclosure requirements of Rule 26(a)(2)(B)</u> as to "retained expert" Dana Collyer and 26(a)(2)(C) as to "non-retained expert" Juan Araiza; and

3. Petitioner's <u>failure to produce, identify and/or disclose during discovery,</u> the facts, documents or data upon which Petitioner's retained expert, Dana Collyer, relies upon despite an obligation to so arising from a Court Order to Produce, Rule 26(a)(1)(A)(ii), and Rules 33, 34 and 26(e).

As a remedy with respect to each of these three basis the Defendant relies upon the presumption of exclusion set forth in F.R.Civ.P. 37. For this reason Defendant first discuss the common remedy provided by Rule 37 in a single section and then Defendant will seperately address each of the above three basis of her <u>Motion to Exclude Experts</u>.

**II.    BACKGROUND**

Since this case was filed nearly three years ago in April of 2019 the value of the Petitioner's interest in the F/V Captain Billy Haver has been one of the most hotly contested issues in this case. Mr. Collyer's firm was hired to investigate this incident, within 24 hours of the vessel landing in Boston in September of 2018. Petitioner's retained expert, Mr. Collyer, became formally involved in this case in June of 2019 (before Defendant had even been served) when Petitioner filed with this Court an <u>Appraiser's Report</u> [Doc. #6] containing one single

2

sentence in which Mr. Collyer expresses his estimate of the value of Petitioner's vessel at the time of Mr. Sosa's death.

As the party seeking to limit its liability to the value of the vessel, the Petitioner has both the burden of production and the burden of proof on the issue of value of its vessel.  Many of the discovery disputes and motions filed in this case have related to the value of Petitioner's vessel.  <u>Sosa's Motion to Appraise</u> Mr.  The value of the F/V Captain Billy Haver has been one of the most hotly contested and most important issues in this action.

### III.   <u>F.R.Civ.P. 37</u>

Pursuant to Fed.R.Civ.P. 37 (c)(1) "[i]f a party fails to provide information . . . required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The rule "provides an exclusionary sanction" for a party's failure to meet the requirements of Fed.R.Civ.P. 26 (a).  <u>Grajales-Romero v. Am. Airlines, Inc.,</u> 194 F.3d 288, 297 (1st Cir. 1999).  "[T]he required sanction in the ordinary case is mandatory preclusion." <u>Poulis-Minott v. Smith</u>, 388 F.3d 354, 358 (1st Cir. 2004).  "For failure to make the specified discovery, the district court is directed to preclude as evidence 'any witness or information not so disclosed,' and '[i]n addition to or in lieu of this sanction, the court, on a motion and after affording an opportunity to be heard, may impose other appropriate sanctions . . . [including] . . . 'prohibiting that party from introducing designated matters into evidence.'" <u>Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico</u>, 248 F.3d 29, 34 (1st Cir. 2001).

The party resisting the sanction, here the Petitioner, "has the burden of proving substantial justification or harmlessness." <u>Alves v. Mazda Motor of Am., Inc.</u>, 448 F. Supp. 2d 285, 293 (D. Mass. 2006). Expert preclusion is an issue that "falls in the heartland of case management decisions—the area where a trial judge has the remorseless responsibility, evenhandedly and efficiently, to govern, monitor, and police the progress of an endless line of cases through the court." <u>Gagnon v. Teledyne Princeton, Inc.</u>, 437 F.3d 188, 191 (1st Cir. 2006). Accordingly, this Court's determination is subjected to review for abuse of discretion. Id.

### IV. <u>PETITIONER'S FEBRUARY 4, 2022 EXPERT WITNESS DISCLSURE WAS NOT TIMELY</u>

On 3/22/2021 this court entered an <u>Electronic Order</u> [Doc. #74] granting a <u>Motion to Extend Discovery</u> [Doc. #73] and incorporating by reference the proposed expert witness disclosure deadlines proposed within the preceding motion. Attached hereto as Exhibit "C" is an annotated copy of this <u>Electronic Order</u> [Doc. #74] on page 1 with the proposed expert deadline incorporated into the Order attached on page 2 of this exhibit. Pursuant to this Court's 3/22/2021 <u>Electronic Order</u> [Doc. #74] all parties were ordered to disclosure their expert witnesses no later than August 31, 2021.

In August, 2021 Defendant, Sosa, disclosed her expert witnesses by serving two expert witness reports with attached Rule 26(a)(2) materials. In September, the Petitioner disclosed her expert witness by serving a single Rule 26(a)(2) expert witness report authored by Petitioner's retained expert economist, Peter Ashton. Mr. Ashton's report is also contained within Petitioner's February 4, 2022 <u>Expert Witness Disclosure</u> (Ex. "A"), however Defendant, Sosa,

does not claim that the disclosure of Petitioner's expert economist, Mr. Ashton, was untimely and his expert testimony is not the subject of this motion.

At 6:00 pm on Friday evening, February 4, 2022, counsel for the Petitioner sent an e-mail to counsel for the Defendant attached to which was a 37 page document entitled Petitioner's Expert Witness Disclosure (Ex."A"). A copy of this e-mail is attached to this Memo as Exhibit "B".

At no time prior to Friday, February 4, 2022 did the Petitioner serve upon Defendant an Expert Witness Disclosure or provide a Rule 26(a)(2)(B) expert witness report or otherwise formally disclose expert witness opinion testimony of Dana Collyer or Juan Araiza.

Pursuant to this Courts March 2021 Electronic Order [Doc. #74] (Attached as Ex. "C") Petitioner was required to disclose all expert witnesses (initial or rebuttal) no later than August 31, 2021. Even if there was no Court Order governing expert disclosures, pursuant to F.R.Civ.P. 26(a)(2)(D) all expert disclosures are required to be made at least 90 days prior to trial. Petitioner's disclosure of expert witness opinion testimony from retained expert Dana Collyer and non-retained expert Juan Araiza, six months after the Court ordered deadline, after the filing of the Joint Pretrial Memo, and just three weeks before trial was clearly not timely.

Given the proximity to trial, the technical and data driven nature of the expert testimony as well as the fact that Petitioner disclosed these experts after the Defendant framed her case through the selection and listing of exhibits and witnesses within her portions of the Joint Pretrial Memorandum, allowing Mr. Collyer and/or Mr. Araiza to testify as to their expert opinions would severely and unfairly prejudice the Defendant Sosa.

As a remedy, the Defendant seeks exclusion of expert witness opinion testimony from Dana Collyer and/or Juan Araiza, pursuant to F.R.Civ.P. 37(c)(1). Where a party has failed to

timely identify an expert witness Rule 37(c)(1) requires that the court exclude the expert testimony unless the proponent establishes either A) "that the failure was substantially justified" of B) "is harmless". Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)( "[T]he required sanction in the ordinary case is mandatory preclusion."); Alves v. Mazda Motor of Am., Inc., 448 F. Supp. 2d 285, 293 (D. Mass. 2006)(the proponent "has the burden of proving substantial justification or harmlessness.").

Here, the Petitioners six month delay in disclosing the expert testimony of Dana Collyer and Juan Araiza is clearly not harmless and Petitioner has not communicated to Defendant or otherwise established substantial justification.  Accordingly, all expert testimony regarding the value of the F/V Captain Billy Haver should be excluded.

V.     **PETITIONER'S FEBRUARY 4, 2022 EXPERT WITNESS DISCLOSURE DOES NOT MEET,  OR EVEN COME CLOSE TO MEETING, THE SUBSTANTIVE REQUIREMENTS OF EXPERT DISCLOSURE SET FORTH IN F.R.Civ.P. 26(a)(2)**

The Court must preclude Dana Collyer and Juan Araiza from providing any expert evidence pursuant to FRE 702 because Petitioner's Expert Witness Disclosure (Ex. "A") served on February 4, 2022, does not even come close to meeting the requirements either of "retained experts" set forth in Fed.R.Civ.P. 26 (a)(2)(B) or the less stringent requirements applicable to "non-retained experts" set forth in Fed.R.Civ.P. 26 (a)(2)(C)..

      A.  Retained Expert Dana Collyer

Fed.R.Civ.P. 26 (a)(2)(B) requires that a retained expert witness must prepare and sign a written report.  Rule 26 (a)(2)(B) states:

> *"The report must contain:*
>
> *(i)     a complete statement of all opinions... and the basis and reasons for them;*
>
> *(ii)    the facts or data considered by the witness in forming them;*
>
> *(iii)   any exhibits...;*
>
> *(iv.)   the witness's qualifications.....;*
>
> *(v)     a list other cases in which during the previous 4 years, the witness testified as an expert....;*
>
> *(vi)    a statement of the compensation...."*

Petitioner's February 4, 2022, <u>Petitioner's Expert Witness Disclosure</u> (Ex. "A") contains <u>Appraiser Report</u> signed by Dana Collyer and filed with the court as Doc. # 6 in connection with ex-party proceedings to establish the amount of required security. Mr. Collyer's <u>Appraiser's Report</u> is in writing and is signed by Mr. Collyer, however it consists of just one single sentence expressing his estimate of the vessels value. The attorney drafted <u>Petitioner's Expert Disclosure</u> provides some additional information, however it is not signed by Mr. Collyer and contains a set of vague and sketchy statements that are wholly inadequate in meeting the requirements of a written expert report under Fed.R.Civ.P. 26 (a)(2)(B). (Ex. "A")

The Petitioner further states:

A.  "Mr. Collyer is expected to describe the condition of the Vessel to the Court." <u>Id. at p. 2</u>.

B.  "Mr. Collyer may discuss the permits issued to the vessel and explain the regulatory scheme of those permits." <u>Id.</u>

C.  "Finally, Mr. Collyer is expected to respond to and to rebut, clarify, or contextualize the deposition and/or trial testimony of any witness, including but not limited to any expert witness offered by Claimant." <u>Id.</u>

This level of disclosure is woefully in adequate under Fed.R.Civ.P. 26 (a)(2)(B).

First, there is no dispute that Mr. Collyer has been "retained" to provide expert testimony under FRE 702 concerning the value of the vessel in this action. The Petitioner has indicated it is paying Mr. Collyer at the rate of $200 an hour for his work and proposed testimony in this action. See Ex, "A", p. 2.

Accordingly, the Petitioner disclosure as it pertains to Mr. Collyer's expert testimony is governed by Fed.R.Civ.P. 26 (a)(2)(B). That Rule required the Petitioner to provide a "written report—prepared and *signed* by the witness." (Emphasis added.) Id. Importantly, this report *must* contain "a complete statement of all opinions the witness will express *and the basis and reasons for them*" as well as all "the facts or data considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." (Emphasis added.) Id., at subparts (i) to (iii).

"The purpose of these [written expert] reports is not to replicate every word that the expert might say on the stand. It is instead to convey the substance of the expert's opinion ... so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary." Metavante Corp. v. Emigrant Sav. Bank, 619 F.3d 748, 762 (7th Cir. 2010). The advisory committee notes explained the need for detailed written reports because prior to this rule expert disclosures were "frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." Fed.R.Civ.P. 26 (a)(2) Advis. Comm. Notes (1993 Amendments). Thus, this rule requires "a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefore." Id.

Here, the Petitioner provided a disclosure with sketchy and vague references to what Mr. Collyer will testify to. The only document that is signed by Mr. Collyer is his "Appraiser's

8

Report" filed at Docket Entry 6-1, which clearly sets forth a one sentence conclusion: the fair market value of the vessel at the time of the casualty was $1,100,000.00. This, however, is a central dispute in this action and neither the Petitioner nor Mr. Collyer has provided any explanation of the reasons supporting his disputed conclusions and/or the facts or data he considered in reaching it. "Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 fn 6 (7th Cir. 1998).

Moreover, the Petitioner has indicated that Mr. Collyer is expected "to respond to and to rebut, clarify, or contextualize the deposition and/or trial testimony of any witness, including but not limited to any expert witness offered by Claimant." There is absolutely no specificity in this disclosure and, in fact, the Petitioner is essentially stating that there is no limit to what Mr. Collyer may or may not testify to. The Defendant/Claimant is left with no idea of what Mr. Collyer may testify to, other than he has concluded the vessel had a fair market value of $1,100,000.00, and because of the late disclosure, coming three weeks before trial is set to commence, he is unable to even prepare to prepare and meet Mr. Collyer's testimony, let alone retain her own expert to offer contrary testimony.

### B. Non-retained Expert Mr. Juan Araiza

As with Mr. Collyer, the disclosure of expert testimony of Juan Araiza is sketchy, vague and woefully inadequate under Fed.R.Civ.P. 26 (a)(2)(C). The "Petitioner's Expert Disclosure" emailed to undersigned counsel at 6:05 pm on February 4, 2022, lists Juan Araiza as a "non-retained expert." See Exhibit "A", p.3. The Petitioner further indicated that:

A. "Mr. Araiza may provide testimony regarding the price at which he would have sold the F/V CAPTIN BILLY HAVER."

9

B. "Mr. Araiza may testify to the price he, or a similarly situated willing buyer would reasonably have paid for the F/V CAPTAIN BILLY HAVER at the conclusion of the voyage in September of 2018."

C. "Mr. Araiza may explain the laws and regulations pertaining to hiring crewmembers"

D. "Mr. Araiza may also explain the customs and practices of the commercial fishing industry pertaining to the hiring of crewmembers."

Again, this level of disclosure is woefully in adequate under Fed.R.Civ.P. 26 (a)(2).

With respect to the disclosure of expert opinion testimony of a non-retained expert witness such as Mr. Araiza, the Petitioner is not required to provide a written and signed expert witness report, however the Petitioner was required to serve a disclosure under Fed.R.Civ.P. 26 (a)(2)(C), that "***must*** state . . . (i) ***the subject matter*** on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 7805; and (ii) a summary of ***the facts and opinions*** to which the witness is expected to testify." (Emphasis added.). In interpreting this rule, "[a] summary is defined as a brief account that states the main points of a larger body of information." Van Stelton v. Van Stelton, 2013 WL 12424196, at *5 (N.D. Iowa Aug. 26, 2013). The advisory committee notes make it clear that the rule was "added to mandate summary disclosures of the ***opinions*** to be offered by expert witnesses who are not required to provide reports under Rule 26 (a)(2)(B) ***and of the facts supporting those opinions.***" (Emphasis added.) Fed.R.Civ.P. 26 (a)(2)(C) Advis. Comm. Notes (2010 Amendments).

Here the Petitioner has identified the "subject matter" on which Mr. Araiza will testify to (price he "would reasonably have" sold or bought the vessel for, the fishing industry regulations pertaining to hiring crew, fishing industry customs pertaining to hiring crew); however Petitioner's Expert Witness Disclosure (Ex. "A") fails to identify any opinions he will testify to.

The Petitioner, for example, doesn't disclose *the actual price* Mr. Araiza "would reasonably have" bought or sold the vessel for, nor does the Petitioner provide any facts or data Mr. Araiza relied on to support this undisclosed opinion as to price. Nor does the Petitioner disclose any opinions Mr. Araiza intends to offer concerning the "laws and regulations" or "customs and practices" pertaining to the hiring of crew members. The Defendant/Claimant is left to speculate as to what opinions may testify to and the factual support for those opinions and is, consequently, unable to prepare and meet this evidence in any meaningful way.

As a remedy for Petitioner's failure to even come remotely close to complying with the substantive disclosure requirement of F.R.Civ.P. 26(a)(2), the Defendant seeks, pursuant to Rule 37(c)(1), the exclusion of expert witness opinion testimony from Dana Collyer and/or Juan Araiza. Where a party has failed to disclose their experts in compliance with the substantive requirements of F.R.Civ.P. 26(a)(2), then Rule 37(c)(1) requires that the court exclude the expert testimony unless the proponent establishes either A) "that the failure was substantially justified" of B) "is harmless". Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)( "[T]he required sanction in the ordinary case is mandatory preclusion."); Alves v. Mazda Motor of Am., Inc., 448 F. Supp. 2d 285, 293 (D. Mass. 2006)(the proponent "has the burden of proving substantial justification or harmlessness.").

Here, the Petitioners six month delay in disclosing the expert testimony of Dana Collyer and Juan Araiza is clearly not harmless. Given that Mr. Araiza is the President of the Petitioner, and that Mr. Collyer is a paid expert whose company has a decades long relationship working with Petitioner's counsel adjusting and investigating maritime claims, it difficult to imagine how the Petitioner can meet their burden of establishing "substantial justification". Petitioner's counsel is thoroughly familiar with the expert disclosure requirements of Rule 26(a)(2) and has

unfettered access to both of these experts. Under these circumstances, Petitioner's failure to at least make a good faith attempt to comply with the substantive expert disclosure requirements of Rule 26(a)(2) suggests that Petitioner served their last minute expert disclosure for some other purpose, perhaps to delay trial. Accordingly, all expert testimony regarding the value of the F/V Captain Billy Haver should be excluded.

VI. **PETITIONER'S VALUATION EXPERT, DANA COLLYER'S OPINIONS SHOULD BE EXCLUDED BECAUSE, THE FACTS, DOCUMENTS AND DATA UPON WHICH HIS OPINIONS ARE BASED WHERE IMPROPERLY WITHELD DURING DISCOVERY IN VIOLATION OF AN ORDER OF THIS COURT AND RULE 26(a)(1)(A)(ii), RULE 33, RULE 34 AND RULE 26(e).**

At 11:58 pm on Thursday, February 3 2022[1], counsel for the Petitioner sent opposing counsel an e-mail attached to which were two documents entitled "Dana Collyer's Notes" and "Listing of Comparable Vessels". A copy of this 2/3/22 @ 11:58 pm e-mail with the two attached documents is attached to this Memorandum as Exhibit "D". Ten minutes later at 12:08[2] am on Friday, February 4, 2022, counsel for the Portioner (through "WeTransfer" ) sent opposing counsel an e-mail containing an internet link providing download access to a total of 106 digital document files relating to this case. A copy of this 2/4/22 @ 12:08 am e-mail with condensed copies of documents is attached to this Memorandum as Exhibit "E". The document attached to Petitioner's 2/3/22 @ 11:58 pm e-mail entitled "Listing of Comparable Vessels"

---

[1] This e-mail was sent while counsel for Defendant, Sosa, was combining each parties portions of the Joint Pretrial Memo into a single joint document to be filed with the Court. Although technically this e-mail was sent approximately 30 minutes before the filing of the Joint Pretrial Memorandum [Doc. # 140], counsel for Defendant Sosa was unaware of the e-mail or the attached documents until after the Joint Pretrial Memorandum was filed at approximately 12:30 am 2/4/22.
[2] Again technically 20 minutes before the Joint Pretrial Memo was filed but counsel for Defendant Sosa was unaware of it.

contains internet "for sale listings" relating to four vessels which were downloaded from the internet on May 6, 2019. (Ex. "D", page 3-11).  The document attached to Petitioner's 2/3/22 @ 11:58 pm e-mail entitled "Dana Collyer's Notes" contains data & information relating to Petitioner's vessel which was acquired by Mr. Collyer during his May 3, 2019 inspection of the F/V Captain Billy Haver.  (Ex. "D", page 2).  Of the 106 digital documents provided through the 2/4/22 @ 12:08 am "WeTransfer e-mail link, 103 were photographs taken by Mr. Collyer during his May 3, 2019 inspection of the Petitioner's vessel (Ex. "E", pages 3-5).  Prior to sending these two e-mails, the Petitioner had never produced copies of these documents, nor had the Petitioner identified or otherwise disclosed the existence of these documents.

     The following evening of Friday, February 4, 2022, the Petitioner served Petitioner's Expert Witness Disclosure.  (Ex. "A")  The above mentioned "Listing of Comparable Vessels" is attached to Petitioner's Expert Witness Disclosure as Exhibit 1.  (Ex. "A", Ex. 1, pages 7-16).  On page 2 (footnote 1) of Petitioner's Expert Witness Disclosure the Petitioner explicitly identifies the "Listing of Comparable Vessels" as being the basis of his valuation opinion.  (Ex. "A").  Petitioner's Expert Witness Disclosure  disclosure also identifies Mr. Collyer's "inspection of the F/V CAPTAIN BILLY HAVER on or about May 3, 2019" as forming the basis of his exert opinions at trial.  (Ex. "A", page 2).

     Petitioner has listed the "Listing of Comparable Vessels" as Pet. Ex. 10, "Dana Collyer's Notes" as Pet. Ex. 9, and the above mentioned 103 photographs taken by Mr. Collyer during his May 2019 inspection of the vessel as Pet. Ex. 8  within the "Petitioners Exhibits" section on page 16 of the Joint Pretrial Memorandum.  [Doc. #140].  Although not explicitly stated within Petitioner's Expert Witness Disclosure (Ex. "A"), it appears likely that at trial (3 years later) Mr. Collyer will rely upon data and information contained within "Dana Collyer's Notes" and at least

some of the 103 photographs of the F/V Captain Billy Haver which Mr. Collyer took during his May 3, 3019 vessel inspection.

Defendant Sosa asserts that Petitioner's refusal to produce Dana Collyer's "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8) until February 3-4, 2022,is a clear violation of the verbal Order which Judge Bowler issued during her March 26, 2021 hearing on Petitioner's Motion for a Protective Order (re 30(b)(6) depositions).  Transcript of 3/26/21 Hearing [Doc. #90] (Judge Bowler's verbal Order attached hereto as Ex. "I")

Because Petitioner has been relying upon Dana Collyer's "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8) as the basis of: A) his Appraiser's Report [Doc. #6] filed ex-party before the Claimants were even served, B) throughout discovery in connection with the dispute regarding the appropriate amount of security [Doc. # 58, #75] and C) now as the basis for Mr. Collyer's expert opinions at trial, Sosa asserts that Petitioner had an obligation pursuant to F.R.Civ.P. 26(a)(1)(A)(ii) to identify and produce these three documents within their Rule 26(a)(1) Initial Disclosure and also had an obligation to identify and produce these three documents pursuant to F.R.Civ.P. 33 (interrogatories) and F.R.Civ.P. 34 (RPD's).

Petitioner's Initial Disclosure   On October 25, 2019, Petitioner served Petitioner's Initial Disclosures  (attached hereto as Exhibit "F").  Petitioner did not produce a single document with Petitioner's Initial Disclosures, nor did Petitioner provide a description and the location[3] of a single document. (Ex. "F" pages 4-5.  Petitioner has not served an amended or supplemental Rule 26(a)(1) disclosure.

---

[3] Rule 26(a)(1)(A)(ii) gives a party the option of either producing a copy of the document or in the alternative of providing "a description by category and location"

<u>Petitioner's Answers to Interrogatories</u>  On December 15, 2020 the Petitioner served answers to Sosa's interrogatories including answers to Sosa's Interrogatory Question # 11 requesting expert witness information and Interrogatory Question #12 requesting that Petitioner "state: ...c. the basis for the [vessel] valuation."  In response to Question 11, Petitioner did not identify a single expert witness, did not provide any expert witness information and although the answer states that the Petitioner "will supplement" they have not done so to date.  Similarly, in response to question 12, Petitioner did not identify Dana Collyer's "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8).

<u>Petitioner's Response To RPD's</u>  On December 15, 2020 the Petitioner served its response to Sosa's Request for Production of Documents, including Request # 36(e) which request that Petitioner produce "Any document the Petitioner claims is evidence of the value of the vessel at the conclusion of the voyage.".  [Doc. 51-2, page 16].  In its response to Sosa's Request for Production, Petitioner did not raise any objection, but did not produce Dana Collyer's "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8).

Sensing that Petitioner was improperly withholding documents, on February 11, 2021 Sosa filed <u>Sosa's Motion to Compel RPDs</u> [Doc. #51] seeking an order from the Court compelling the Petitioner to produce all documents responsive to six document requests including above mentioned Request # 36.   The night before a hearing on the motion, Petitioner produced several hundred pages of documents that were the subject of <u>Sosa's Motion to Compel RPDs</u>.  At the hearing Judge Bowler denied without prejudice <u>Sosa's Motion to Compel RPDs</u> [Doc. #51] noting in her <u>Electronic Order date 3/26/2021</u> [Doc. # 78] Petitioner's production of

<a>

"approximately 400 pages of documents on the eve of the hearing".  Petitioner's several hundred page supplementation of its Responses to Sosa's RPD's did not contain Dana Collyer's "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8).

30(b)(6) Deposition of Petitioner Juan, Inc.    In January 3021, Defendant Sosa served her Notice of 30(b)(6) Deposition of Petitioner which, pursuant to Rule 30(b)(2), contained a schedule identifying the documents which Defendant Sosa, requested that Petitioner produce at this 30(b)(6) deposition.  A copy of this Notice of 30(b)(6) Deposition is attached as Exhibit "H", the schedule of requested documents in on the 6th page.  Included within schedule of documents to be produced at the 30(b)(6) deposition was request 3(e.) which requested that Petitioner produce "Any document the Petitioner claims is evidence of the value of the vessel at the conclusion of the voyage."  (Ex. "H", 6th page).  In response to Sosa's Notice of 30(b)(6) Deposition the Petitioner filed a Motion for a Protective Order [Doc. 48] in which the Petitioner challenged the logistics of the deposition and timing and location of the production of the requested documents, but did not object to producing any of the documents requested within the Sosa's 30(b)(6) deposition notice.  See, Doc. # 48, # 49, #77.

On March 26, 2021 Judge Bowler held a hearing regarding Petitioners Motion for a protective Order.  Trans. of 3/26/21 Hearing [Doc. #90]  At this hearing the Judge Bowler made ruling relating to logistics and further Ordered that the documents identified within Sosa's Notice of 30(b)(6) Deposition (Ex. "A")  "shall be produced three days before" the deposition.  Attached to this Memorandum as Exhibit "I" is a copy of the page of the transcript containing Judge Bowler's Order.  At the deposition, Petitioner's 30(b)(6) deponent (Juan Araiza) was questioned as to the above quoted request 3(e).  30(b)(6) of Capt. Juan, Inc., page 530, lines 19-

16
</a>

23. (Attached hereto as Exhibit "J").  Despite an Order from Judge Bowler to produce these vessel valuation documents and testimony from Mr. Araiza that no vessel valuation documents were being withheld, Petitioner did not produce at its 30(b)(6) deposition Dana Collyer's "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8) were not produced at Petitioner's deposition.

As set forth above, Petitioner had a duty pursuant to a specific Order issued by Judge Bowler and obligations imposed by Rules 26(a)(1), 26(a)(2), 26(e), 33 & 34 to produce during discovery, the "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8), which the Petitioner now seeks to introduce as evidence of value at trial and which serve as the basis for Mr. Collyer's opinion regarding the value of the Petitioner's vessel.  Petitioner failed to abide by Judge Bowler's ruling and their obligations under the discovery rules.

As a remedy for what appears to be Petitioner's intention withholding of the "Listing of Comparable Vessels" (Pet. Trial Ex. 10), "Dana Collyer's Notes" as (Pet. Trial Ex. 9), and Collyer's 103 inspection photographs (Pet. Trial Ex. 8), Defendant Sosa seeks, pursuant to Rule 37(c)(1), the exclusion of expert witness opinion testimony from Dana Collyer that explicitly relies upon these documents.  Where a party has failed to disclose their experts in compliance with the substantive requirements of F.R.Civ.P. 26(a)(2), then Rule 37(c)(1) requires that the court exclude the expert testimony unless the proponent establishes either A) "that the failure was substantially justified" of B) "is harmless".  Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)( "[T]he required sanction in the ordinary case is mandatory preclusion."); Alves v.

Mazda Motor of Am., Inc., 448 F. Supp. 2d 285, 293 (D. Mass. 2006)(the proponent "has the burden of proving substantial justification or harmlessness.").

WHEREFORE, the Defendant, Graciela Sosa, respectfully requests that pursuant to F.R.Civ.P. 37(b), Fed. R.Civ.P. 37(c) and F.R.Civ.P. 26(a)(2), that this Honorable Court enter an Order precluding the Petitioner from introducing into evidence any FRE 702 expert witness opinion testimony from recently disclosed "experts" Dana Collyer and Juan Araiza.

|  |  |
|---|---|
|  | Respectfully submitted on behalf of the Defendant/Claimant, Graciela S. Sosa, by her attorneys |
|  | /s/ David F. Anderson<br>David F. Anderson (BBO #560994)<br>Carolyn M. Latti (BBO #567394)<br>Latti & Anderson LLP<br>30-31 Union Wharf<br>Boston, MA 02109<br>(617) 523-1000 |
| Dated: February 12, 2022 | DAnderson@LattiAnderson.com |

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on the above date, I electronically filed the herewith document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

/s/ David F. Anderson
David F. Anderson