# Exhibit "G"

Attached to:

Defendant Sosa's Motion in Limine to Preclude

Recently Disclosed Experts



REC
DEC 18 2020
LATTI & ANDERSON LLP

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 1: 19-cv-10719-PBS

In Re:                                          )
CAPTAIN JUAN INC., as owners of the )
F/V CAPTAIN BILLY HAVER,        )
    Petitioner.                             )

## PETITIONER'S RESPONSES TO CLAIMANT, ESTATE OF SOSA'S INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information regarding the alleged incident; Javier Sosa's alleged injuries and death; the cause of the alleged incident; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that you have taken or intend to take in this action and state the subject matter of the information possessed by that person.

### ANSWER NO. 1

    CJI objects to this interrogatory on the grounds that it is premature as discovery is ongoing and CJI may not yet be aware of every person having Subject to and without waiving the foregoing objections, the following individuals may have discoverable information regarding the alleged incident; Javier Sosa's alleged injuries and death; the cause of the alleged incident; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that CJI has taken or intends to take in this action or the entire subject matter of the information possessed by any person identified below or of whom CJI is presently unaware. CJI further objects to this request on the grounds that it has not determined who, if anyone, CJI may call to testify at trial of this action.

## INTERROGATORY NO. 10

State the basis of Petitioner's claim of "exemption and exoneration from liability for any and all loss, destruction, damage and injury of any kind" as stated in Paragraph 23 and throughout Petitioner's Complaint and Petitioner for Exoneration and Limitation of Liability, *Docket Entry*, #1.

## ANSWER NO. 10

Pursuant to 46 U.S.C. § 30505(a), the liability of the owner of a vessel for any claim, debt, or liability is limited to the value of the vessel and pending freight. The limitation of liability applies to any injury incurred without the privity or knowledge of the owner of the vessel. 46 U.S.C. § 30505(b). While the injuries suffered as a result of Mr. Vazquez's actions are unfortunate, CJI had no knowledge, or reason to know, that Mr. Vazquez was capable of such behavior. Consequently, CJI's liability, if any, must be limited to the value of the F/V CAPTAIN BILLY HAVER and its pending freight.

## INTERROGATORY NO. 11

Please state the names, addresses, and expected testimony of each expert witness who the Petitioner may call at trial, including in your answer:

    a.    the subject matter on which the expert is expected to testify;

    b.    the education, training and/or expertise that qualifies said expert witness as an expert on the subject matter;

    c.    the specific opinions and/or facts to be expressed by the expert;

    d.    a complete summary of the grounds for each opinion to be expressed at trial.

    e.    identify all documents relied upon by the expert in forming his opinions.

    f.    set forth all facts relied upon by the expert when forming his opinions.\

### ANSWER NO. 11

CJI objects to this interrogatory to the extent it exceeds the scope of expert discovery set forth in Fed. R. Civ. P. 26. CJI further objects to this interrogatory on the grounds that it is premature as CJI has not determined which, if any, expert witness(es) it may call to testify at trial of this action.

Subject to and without waiving the foregoing objections, CJI will supplement this response in accordance with any applicable procedural rules and or orders of the Court.

### INTERROGATORY NO. 12

If the Petitioner claims that it is entitled to limit its liability pursuant to 46 U.S.C. App. § 183, please state:

    a.    the value of the vessel at the conclusion of the voyage upon which the alleged incident occurred;

    b.    the value of the freight then pending on vessel at the conclusion of the voyage upon which the alleged incident occurred;

    c.    the basis for the above valuations;

### ANSWER NO. 12

CJI is entitled to limit its liability pursuant to 46 U.S.C. § 30505. The value of the vessel at the conclusion of the voyage was $1,100,000.00. The value of the pending freight at the conclusion of the voyage was $65,968.75. Please see CJI 025, 102 – 110.

### INTERROGATORY NO. 13

Identify all protection and indemnity (P & I) policies, policies of insurance, excess insurance policies, re-insurance policies and/or indemnity agreements, under which any person may be liable to make payments or indemnify any other person, as a result of the claims asserted in the above captioned civil action, or as a result of any judgment entered in the above captioned civil action, stating for each:

## ANSWER NO. 22

CJI objects to this interrogatory on the grounds that it is premature as discovery is ongoing. Subject to and without waiving the foregoing objections, CJI is not aware of any statements made by the Decedent, Javier Sosa, which instigated, initiated and/or otherwise suggest that Mr. Sosa was at fault or blame for the attack by Mr. Vazquez. CJI reserves the right to supplement this response in accordance with any applicable procedural rules or orders of the Court.

## INTERROGATORY NO. 23

Identify any communications, statements and/or conversations between the Decedent Javier Sosa and Franklin Meave Vazquez during the trip the alleged incident occurred on. Please include within your answer: the date said communication was made; where said communication was made; the name and address of each person present at the time said communication was made and the precise contents of the communication.

## ANSWER NO. 23

CJI objects to this interrogatory on the grounds that it is premature as discovery is ongoing. Subject to and without waiving the foregoing objections, CJI is not aware of any specific or unusual communications, statements and/or conversations between Mr. Sosa and Mr. Vazquez during the trip the alleged incident occurred on.

Signed under the pains and penalties of perjury this ___6___ day of December, 2020.

_____
Juan A. Araya

-15-