# Exhibit "H"

Attached to:

<u>Defendant Sosa's Motion in Limine to Preclude</u>

<u>Recently Disclosed Experts</u>

Araiza
Exhibit A
4/13/21
D. Veinotte



ORIGINAL

DEPOSITION EXHIBIT "A" Sosa's 30(b)(6)

## UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

In Re:  )
 )
Petition of CAPTAIN JUAN, INC.,  )   Civil Action No. 19-cv-10719-PBS
for Exoneration from or Limitation of  )
Liability  )
 )

### NOTICE OF DEPOSITION OF THE PETITIONER, CAPTAIN JUAN, INC. PURSUANT TO F.R.Civ.P. 30(b)(6)

Please take notice that at **10:00 am.** on **Wednesday February 17, 2021** at the offices of **Latti & Anderson, 30 Union Wharf, Boston, MA 02109**, the Plaintiff in the above captioned matter, pursuant to F.R.Civ.P. 30(b)(6), will take the deposition upon oral examination of the Petitioner, Captain Juan, Inc., before Jones Reporting, Inc., Court reporters in and for the Commonwealth of Massachusetts or before some other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Defendant is requested to designate one or more persons to testify on its behalf regarding the following matters::

1. The subjects and matters set forth on schedule "A" (pages 4 & 5) of Claimant Herrera's Re-Notice of 30(b)(6) Deposition of Petitioner dated January 11, 2021.

2. The fair market value of the F/V CAPT. BILLY HAVER at the time she arrived in Boston harbor on or about September 24, 2018, including without limitation, the fair market value of the vessels hull, machinery, fishing gear, all equipment, commercial fishing permits and all other appurtenances, located on, attached to or held by the vessel on this date.

3. The commercial fishing permits and history, assigned to, held by, and/or present on the F/V CAPT. BILLY HAVER during the years 2017 and 2018.

4. Any loan, financing and/or ship's mortgage agreement which was signed and or entered into during the years 2008, 2017, 2018, or 2019, in which the F/V CAPTAIN BILLY HAVER was pledge as collateral for the loan, including without limitation the Preferred Mortgage filed in September 2008 and the Amendment to Preferred Mortgage filed in January 2018 as recorded in the attached Continuation Sheet No. 3 of the Abstract of Title of the F/V Capt. Billy Haver.

5. The existence, current location, and substance of any loan applications or other communications made by the Petitioner, Capt. Juan Inc. to any lender or lender's agent which concerns or relates to the January 2018 Amendment to Preferred Mortgage record on the attached relating to the Continuation Sheet No. 3 of the Abstract of Title of the F/V Capt. Billy Haver.

6. The existence, current location and substance of any Condition and Value Report, Survey Report, and/or Appraisal Report, which was submitted to a lender in connection with any loans, Preferred Mortgages, and/or Amendments to Preferred Mortgages entered into during the years 2016-2019.

7. The existence of and current location of any Condition and Value Reports, Survey Reports or similar reports from a marine surveyor or appraiser which describe the condition and/or fair market value of the F/V CAPT. BILLY HAVER at any point in time from 2014 through 2020.

8. The existence and current location of any applications for Hull Insurance covering the F/V CAPT. BILLY HAVER in which the period of coverage included all or part of the years 2017, 2018, 2019 and/or 2020.

9. The Petitioner, Captain Juan, Inc.'s Response to Claimant Sosa's Request for Production of Documents, Request #36, a copy of which is attached to this notice of deposition.

10. The reason why the Petitioner, Captain Juan, Inc. did not produce any documents in connection with Petitioners Response to Claimant Sosa's Request for Production of Documents, Request #36(b), #36(c), and #36(d) (Copy of Petition's Response to Sosa's Request # 36 is attached to this notice of deposition.)

11. With respect to the fishing trip departing September 18, 2018, the steps and/or actions taken (if any) by Petitioner Capt. Juan, Inc. (including its officers, employees and agents) to ensure that each of the members of the crew of the F/V CAPTAIN BILLY HAVER was mentally, physically, and technically competent and would not pose an unreasonable risk of harm to fellow crewmembers.

12. The identity of all persons who took the steps or actions referred to in topic/matter #11 above.

13. The identity of all persons who in September of 2018 had an ownership interest of any type in Capt. Juan, Inc. and or the F/V Capt. Billy Haver.

14. The communication equipment present on the F/V CAPT. BILLY HAVER during the fishing trip which departed on or about September 18, 2018.

15. The existence and substance of any communications between the captain or crew of the F/V CAPT. BILLY HAVER, and any person on land which was made or transmitted between September 18, 2018 and September 24, 2018.

16. The existence and current location of any record and/or recording of any communication described in topic/matter #15 above.

17. With respect to the year 2017 and 2018, the operating expenses related to the F/V Capt. Billy Haver, the total revenue generated through sale of product caught by the F/V Capt. Billy Haver and the net annual cash flow generated in connection with the operation of the F/V Capt. Billy Haver.

18. Petitioner's Response to Claimant Herrera's Interrogatories dated 12/14/20.

19. Petitioner's Response to Claimant Estate of Sosa's Interrogatories dated 12/14/20.

20. The documents described in the attached Schedule "A"

The deponent is requested to bring with him for examination and copying the documents on the attached Schedule "A".

You are invited to attend and cross-examine.

Respectfully submitted on behalf of the Defendant/Claimant, Graciela S. Sosa, by her attorneys

David F. Anderson
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@LattiAnderson.com

Dated: 1/28/2021

### Certificate of Discovery Service

I David F. Anderson, counsel for the Plaintiff hereby certify that the above pleading was served upon Counsel for the Defendants on the below dates by the below method(s) of service.

Fax:            ( )
Overnight Mail  ( )
1st Class Mail  (✓)
E-mail in PDF   (✓)

Dated: 1/28/2021

David F. Anderson

| DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG - 1332 | GENERAL INDEX OR ABSTRACT OF TITLE CONTINUATION SHEET NO. 3 ||||| Official No. 1038916 |
|---|---|---|---|---|---|---|
| | INSTRUMENT TYPE **PREFERRED MORTGAGE** ||||||
| % CONVEYED 100 | DATE OF INSTRUMENT SEPTEMBER 18, 2008 || AMOUNT $260,000.00 | BATCH 659189 || DOC ID 9507851 |
| DATE FILED SEPTEMBER 19, 2008 | | TIME FILED 10:47 AM | | STATUS RECORDED |||
| MORTGAGOR CAPTAIN JUAN INC |||||||
| MORTGAGEE FULTON BANK 735 THIMBLE SHOALS BOULEVARD SUITE 170 NEWPORT NEWS VA 23606 |||||||
| | INSTRUMENT TYPE **SATISFACTION OF CLAIM OF LIEN** |||| REFERS TO: BOOK 01-74 PAGE 622 ||
| % CONVEYED 100 | DATE OF INSTRUMENT JULY 27, 2001 || AMOUNT $15,387.90 | BATCH 658567 || DOC ID 9489223 |
| DATE FILED SEPTEMBER 16, 2008 | | TIME FILED 9:09 AM | | STATUS RECORDED |||
| CLAIMANT GULF KING SEAFOOD INC |||||||
| | INSTRUMENT TYPE **SATISFACTION OF MORTGAGE** |||| REFERS TO: BOOK NO 01-88 PAGE 533 ||
| % CONVEYED 100 | DATE OF INSTRUMENT JANUARY 17, 2018 || AMOUNT $500,000.00 | BATCH 50051100 || DOC ID 2 |
| DATE FILED JANUARY 18, 2018 | | TIME FILED 2:28 PM | | STATUS RECORDED |||
| MORTGAGEE BANK OF AMERICA NA |||||||
| MORTGAGOR CAPTAIN JUAN INC |||||||
| | INSTRUMENT TYPE **AMENDMENT TO PREFERRED MORTGAGE** |||| REFERS TO: BATCH: 659189 DOC ID: 9507851 ||
| % CONVEYED 100 | DATE OF INSTRUMENT JANUARY 18, 2018 || AMOUNT $2,421,854.96 | BATCH 50212800 || DOC ID 3 |
| DATE FILED JANUARY 25, 2018 | | TIME FILED 10:48 AM | | STATUS RECORDED |||
| MORTGAGOR CAPTAIN JUAN INC |||||||
| MORTGAGEE FULTON BANK NA 4429 BONNEY RD SUITE 124 VIRGINIA BEACH VA 23462 |||||||

ISSUED AS AN ABSTRACT OF TITLE AS OF

DATE: 01/04/2021        TIME: 6:30 AM

*Christian H. Waddle*
DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

PREVIOUS EDITION MAY BE USED                                      Page 4 of 4

### REQUEST NO. 35

<u>Indemnity Agreements</u>

All agreements and/or treaties under which any person may be liable to make payments or indemnify any person, as a result of claims asserted in the above captioned Civil Action, and/or a Judgment entered in the above captioned Civil Action.

### RESPONSE NO. 35

Please see CJI 113 - 157.

### REQUEST NO. 36

<u>Vessel Valuation Documents</u>

If the Petitioner claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, then please produce:

   a. all hull insurance, and/or property damage insurance policies, providing insurance and/or indemnity for property damage to the Petitioner Vessel, in effect at the time the Javier Sosa's alleged injury and death;

   b. all applications for hull insurance policies and/or property damage insurance policies, concerning the vessel, that where completed by the Petitioner during the two years preceding the alleged incident;

   c. all appraisals reports, and/or value surveys, concerning the vessel, prepared within the five years prior to the date of the alleged incident up to the date of trial.

   d. all applications for loans and/or financing agreements, for which the Petitioner's vessel was offered as collateral to secure payment of said loan or finance agreement, which were prepared or submitted within the five years prior to the alleged incident up to the date of trial.

   e. Any document the Petitioner claims is evidence of the value of the vessel at the conclusion of the voyage.

### RESPONSE NO. 36

Please see CJI 102 – 110, 113 - 157.

### REQUEST NO. 37

Personnel and/or employee file of the Decedent Javier Sosa.

Schedule "A"
30(b)(6) Deposition of Captain Juan, Inc.

In Re: Petition of Captain Juan Inc.,
U.S.D.C., D. Ma, C.A. No. 19-cv-10719-PBS

Pursuant to F.R.Civ.P. 30(b)(2) the deponent, Captain Juan, Inc. requested to produce for inspection and copying, the below listed documents and electronically stored information at its deposition. With respect to Electronically Stored Information, the deponent, is requested to produce such electronically stored information within a CD, DVD or flash drive readable by a personal computer equipped with a Microsoft Windows operating system. For the purpose of this schedule, the word "incident" shall me that death of Javier Sosa while serving as a member of the crew of the F/V Capt. Billy Haver in September 2018.

Documents and Electronically Stored Information to be produced

1.   Settlement Sheets   All "trip sheets", "settlement sheets" and/or accounting records concerning the distribution of "shares", wages, or vessel proceeds to crew members of the F/V CAPT. BILLY HAVER for the time period beginning four (4) years prior to the alleged incident and to present.

2    Vessel Communication Records   For the time period of September 18, 2018 through September 24, 2018. All bills, records and/or documents of any type, concerning, or relating to, cellular telephone communications, ship to shore communications, and/or any other electronic communication devices which were present on the F/V Capt. Billy Haver.

3.   Vessel Valuation Documents

   a.   all hull insurance, and/or property damage insurance policies, providing insurance and/or indemnity for property damage to the Petitioner Vessel, in effect at the time the Javier Sosa's alleged injury and death;

   b.   all applications for hull insurance policies and/or property damage insurance policies, concerning the vessel, that where completed by the Petitioner during the two years preceding the alleged incident;

   c.   all appraisals reports, and/or value surveys, concerning the vessel, prepared within the five years prior to the date of the alleged incident up to the date of trial.

   d.   all applications for loans and/or financing agreements, for which the Petitioner's vessel was offered as collateral to secure payment of said loan or finance agreement, which were prepared or submitted within the five years prior to the alleged incident up to the date of trial.
   e.   Any document the Petitioner claims is evidence of the value of the vessel at the conclusion of the voyage.

4. All documents requested by the Claimant Sosa within <u>Claimant's Request for Production of Documents to the Petitioner</u> Served by Claimant Sosa on 6/2/20.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In the Matter of the Complaint and Petition of   \*
CAPT. JUAN, INC. as owner of the                 \*
F/V CAPT. BILLY HAVER,                           \*       Civ. Act. No.: 19-cv-10719-PBS
for Exoneration from or Limitation of Liability  \*
                                                 \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLAIMANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PETITIONER

Now comes the Claimant in the above-entitled action and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Petitioner produce the following items for inspection and copying at the offices of Latti & Anderson LLP 30-31 Union Wharf, Boston, MA 02109, within thirty days of receipt of this request.

I. **DEFINITIONS**

For the purpose of this discovery request the following terms set forth in sub-paragraphs i-vii below, shall have the following meanings:

i.   Communication.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

ii.  Document. The term "document" is used in this request in its broadest sense under Fed.R.Civ.P. 34 and includes internal memoranda, correspondence, reports, statements, charts, graphs, lists, drafts, outlines, applications, summaries, and compilations, and also includes any record or compilation of information of any kind or description however made, produced or stored, whether by hand or by any electronic, photographic, magnetic, optical, mechanical, computer or other process or technology. Documents can take the form of any medium on which information can be stored, including without limitation computer memory, computer disk, back up computer tapes, film, paper, photographs, tape recordings, video tapes and video disks. A draft or non-identical copy is a separate document within the meaning of this term.

iii. Parties. The terms "Claimant" and "Petitioner" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, it's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. Too the extent that there is more than one Petitioner party to this civil action, the term "Petitioner" refers to the party responding to this request for production of documents.

1

iv. <u>Person</u>. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

v. <u>Concerning</u> The term "concerning" means referring to, describing, evidencing, or constituting.

vi <u>Vessel</u>. The term "vessel" shall mean the F/V CAPT. BILLY HAVER

vii. <u>Alleged Incident</u>. The term "alleged incident" shall mean the incident alleged by the Claimant in the Claimant's Claim and when the Decedent Javier Sosa was working on the F/V CAPT. BILLY HAVER when he was brutally stabbed and killed with a knife by fellow crew member Assailant Franklin Freddy Meade Vazquez and crew member Rafael Herrera was attacked by Assailant Vazquez.

## II. REQUIREMENT TO SUPPLEMENT PETITIONER'S RESPONSES TO CLAIMANT'S REQUEST FOR PRODUCTION OF DOCUMENTS.

To the extent required by Fed.R.Civ.P. 26(2) the Petitioner is under a duty seasonably to amend a prior response to Claimant's Request for Production of Documents if the Petitioner learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Claimant during the discovery process or in writing.

## III. REQUESTED DOCUMENTS AND THINGS

1. <u>Log Entries and Accident Reports</u>
All log entries, captain's reports, crew member reports, accident reports, injury reports, or any other communication, written report or statement concerning the alleged incident; Javier Sosa's alleged injuries and death; the cause of the alleged incident; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that you have taken or intend to take in this action <u>other than</u> communications and reports made to the Petitioner's, insurer, adjuster and/or attorneys.

2. <u>Statements of the Petitioner</u>
All recorded communications, written reports and statements, which were written by, taken from, or given by the Petitioner and/or any agents, servants or employees of the Petitioner, concerning the alleged incident; Javier Sosa's alleged injuries and death; the cause of the alleged incident; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that you have taken or intend to take in this action, <u>other than</u> communications made to the Petitioner's insurers, adjusters or attorneys.

3. <u>Statements of the Claimant</u>
All statements, recorded communications, tape recordings, written statements

(whether signed or unsigned) or memoranda of statements made by the Claimant and/or Javier Sosa to anyone concerning: the alleged incident; Javier Sosa's alleged injuries and death; the cause of the alleged incident; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that you have taken or intend to take in this action.

4. Witness Statements

All recorded communications, transcriptions of recorded communications written reports, statements, and memoranda of statements, which were written by, provided by or taken from, any witnesses to the alleged incident or by any persons having knowledge of the regarding the alleged incidents; Javier Sosa's alleged injuries and death; the cause of the alleged incidents; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that you have taken or intend to take in this action.

5. Statements & Reports Made to a Government Agency

All reports and/or documents (including without limitation U.S.C.G. "First Report of Marine Accident Injury or Death") provided by any person to any government or government agency regarding the alleged incident.

6. Government Reports

All reports and/or documents (including without limitation U.S.C.G. reports) prepared by any government or government agency regarding the alleged incident.

7. Ship's Logs

All ships logs, engineering logs, and/or captain's logs relating to the Petitioner's vessel for the time period beginning thirty days prior to the date of the alleged incident and extending thirty days after the date of the alleged incident.

8. Title to Vessel

All certificates of title, and/or abstracts of title concerning or relating to the vessel named in Claimant's answer and Claim.

9. Charter Agreements

Any and all charter agreements or lease agreements relating the vessel named in Petitioner's Complaint which was in effect at the time of the alleged incident.

10. Vessel Plans and Specifications

All ships drawings, and general arrangement plans, blueprints and specifications concerning the F/V CAPT. BILLY HAVER.

11. Survey Reports

All inspection and survey reports, (including recommendations, photographs and electronic recordings) concerning an inspection of the vessel and/or survey performed on the vessel within the five (5) year period preceding the date of the alleged incident.

12. <u>Surveyor's Notes</u>

All surveyors notes, checklists, memoranda, drawings, sketches, and/or other contemporaneous recordings of information by individuals performing an inspection and/or survey of the vessel during the time period beginning five (5) years prior to the date of the alleged incidents.

13. All photographs, electronic recordings and video tapes depicting the Petitioner's vessel that where taken during the five years prior to the date of the alleged incident.

14. All photographs, electronic recordings and video tapes of the Petitioner's vessel taken after the alleged incident up to the date of trial.

15. Any and all photographs, video tapes and electronic recordings of the location of the Claimant's alleged incident that where taken within thirty days of the alleged incident.

16. <u>Survey Photographs</u>

All photographic prints, electronic recordings or negatives depicting the Petitioner's vessel, that where taken during the course of an inspection or survey performed during the time period beginning five (5) years prior to the date of the alleged incident.

17. <u>Photographs of the Claimant</u>

All photographs videos and electronic recordings depicting Javier Sosa.

18. <u>Video of the Claimant</u>

All video tapes, videos and electronic recordings depicting Franklin Meave Vazquez.

19. <u>Fishing Agreements</u>

All fishing agreements pursuant to 46 U.S.C. 10601, or any other document concerning or relating to method by which the Decedent Javier Sosa was to be paid as a crew member of the vessel.

20. <u>Settlement Sheets</u>

All "trip sheets", "settlement sheets" and/or accounting records concerning the distribution of "shares", wages, or vessel proceeds to crew members of the F/V CAPT. BILLY JAVER for the time period beginning four (4) years prior to the alleged incident and to present.

21. <u>Documents Obtained through Authorizations</u>

All documents obtained by the Petitioner (including the Petitioners agents, insurers, adjusters and attorneys) through the use of medical record authorizations, I.R.S. authorizations, employment record authorizations, or any other authorization signed by the Claimant and/or provided by the Claimant.

22. All diagnostic medical tests results, in the possession, custody or control of the Petitioner, concerning, or relating in any way, to Javier's Sosa's alleged injuries and death.

23. <u>Vessel Communication Records</u>
All bills, records and/or documents of any type, concerning, or relating to, cellular telephone communications, ship to shore communications, and/or any other electronic communications, operated on the vessel, during voyage that incident.

24. <u>Exhibits & Chalks</u>
All exhibits and chalks, the Petitioner intends to introduce or use at trial.

25. <u>Documents Relied Upon for Petitioner's Affirmative Defense(s)</u>
All documents that Petitioner specifically relies upon as a basis of an affirmative defense.

26. <u>Expert Documents</u>
All documents identified by the Petitioner in response to Claimant's interrogatories.

27. All reports, memoranda, notes, measurements and/or diagnostic tests results, concerning the Decedent Sosa, which were written, produced, or performed by any health care professional retained by the Petitioner.

28. <u>Expert Reports & Notes</u>
All written reports, memoranda, drawings, measurements, and test results, concerning the alleged incident and/or the Decedent Sosa's injuries and death and Claimant's damages which were prepared, written or produced by any expert witnesses the Petitioner intends to call as a witness at trial.

29. <u>Expert Resume</u>
The resume and curriculum vitae of each expert witness that the Petitioner intends to call at trial.

30. <u>Documents Reviewed by Expert</u>
All documents concerning the alleged incident, Decedent Sosa's injuries and death and Claimant's damages which have been reviewed by an expert witness which the Petitioner intends to call as a witness at trial

31. <u>Documents Relied upon by Expert</u>
All documents that will be relied upon in forming the opinion of any expert the Petitioner intends to call as a witness at trial.

32. <u>Documents Evincing Facts Relied Upon by Expert</u>
All documents concerning or evincing any fact which will be relied upon by any expert witness the Petitioner intends to call at trial, when forming his opinion(s).

33. <u>Agreements of Insurance</u>
All insurance agreements, indemnity agreements, and protection and indemnity agreements (P&I policies), under which any person may be liable to satisfy part or all of a

judgement which may be entered in the above captioned Civil Action.

34. Excess or Re-Insurance Agreements

All policies or agreements concerning re-insurance and/or excess insurance under which any person, may be liable to make payments or indemnify any other person, as a result of claims asserted in the above captioned Civil Action or as the result of a Judgment entered in the above captioned Civil Action.

35. Indemnity Agreements

All agreements and/or treaties under which any person may be liable to make payments or indemnify any person, as a result of claims asserted in the above captioned Civil Action, and/or a Judgment entered in the above captioned Civil Action.

36. Vessel Valuation Documents

If the Petitioner claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, then please produce:

a. all hull insurance, and/or property damage insurance policies, providing insurance and/or indemnity for property damage to the Petitioner Vessel, in effect at the time the Javier Sosa's alleged injury and death;

b. all applications for hull insurance policies and/or property damage insurance policies, concerning the vessel, that where completed by the Petitioner during the two years preceding the alleged incident;

c. all appraisals reports, and/or value surveys, concerning the vessel, prepared within the five years prior to the date of the alleged incident up to the date of trial.

d. all applications for loans and/or financing agreements, for which the Petitioner's vessel was offered as collateral to secure payment of said loan or finance agreement, which where prepared or submitted within the five years prior to the alleged incident up to the date of trial.

e. Any document the Petitioner claims is evidence of the value of the vessel at the conclusion of the voyage.

37. Personnel and/or employee file of the Decedent Javier Sosa.

38. Personnel and/or employee file of Franklin Meave Vazquez.

39. Any and all documents regarding any prior attacks, assaults, arguments, intimidation, threats, belligerence, hostility and/or violence by Franklin Meave Vazquez against fellow captains, crew, employees, workers on the F/V CAPT. BILLY HAVER and/or for the Petitioner, for related entities of the Petitioner, for any vessel owned, operated, controlled by the Petitioner and/or for Juan Araiza.

40. Any and all documents regarding the Petitioner's, knowledge of Franklin Meave

6

Vazquez's past history of attacks, assaults, arguments, intimidation, threats, belligerence, hostility and/or violence.

41. Any and all documents regarding Franklin Meave Vazquez's criminal history

42. Any and all documents regarding Franklin Meave Vazquez's mental health.

43. Any and all documents regarding Franklin Meave Vazquez's drug, alcohol and/or substance use.

44. Any and all documents and/or electronic recordings regarding any communications, statements and/or conversations between the Decedent Javier Sosa and Franklin Meave Vazquez.

45. Any and all documents and/or electronic recordings regarding any communications, statements and/or conversations between the Claimant Herrera and Franklin Meave Vazquez.

46. Any and all documents and/or electronic recordings regarding any communications, statements and/or conversations between the crew members on the F/V CAPT. BILLY HAVER and Franklin Meave Vazquez.

47. All "trip sheets", "settlement sheets" and/or accounting records concerning the distribution of "shares", wages, or vessel proceeds to crew members of the F/V CAPT. BILLY JAVER for the time period beginning four years prior to the alleged incident and extending through the date in which the Petitioner responds to this request.

48. Any and all documents regarding problems, complaints, difficulty, issues and/or trouble of any kind with Franklin Meave Vazquez.

49. Any and all documents regarding the identities of any other persons that have had problems, complaints, difficulty, issues and/or trouble of any kind with Franklin Meave Vazquez.

50. Any and all documents regarding earnings of Decedent Javier Sosa.

51. Any and all correspondence, including emails, texts, electronic transmissions, between the Javier Sosa and Petitioner, including Petitioner's agents.

52. Any and all correspondence, including emails, texts, electronic transmissions, between the Claimant and Petitioner, including Petitioner's agents.

53. Any and all correspondence, including emails, texts, electronic transmissions, between the Javier Sosa, Jr. and Petitioner, including Petitioner's agents.

54. Any and all correspondence, including emails, texts, electronic transmissions, between the Jonathan Sosa and Petitioner, including Petitioner's agents.

55. Any and all correspondence, including emails, texts, electronic transmissions, between the Franklin Meave Vazquez, and Petitioner, including Petitioner's agents.

56. Any and all correspondence, including emails, texts, electronic transmissions, between Rafael Herrera and Petitioner, including Petitioner's agents.

57. Any and all correspondence, including emails, texts, electronic transmissions, between crew members on the F/V CAPT. BILLY JAVER and Petitioner, including Petitioner's agents.

58. Coast Guard report regarding the alleged incident.

59. Any and all documents regarding communications between the owner/ the Petitioner and the F/V CAPT. BILLY HAVER during the entire trip of the alleged incident.

60. All "trip sheets", "settlement sheets" and/or accounting records concerning the distribution of "shares", wages, or vessel proceeds to crew members for the F/V CAPT. BILLY HAVER, for the Petitioner, for related entities of the Petitioner, for any vessel owned, operated, controlled by the Petitioner and/or Juan Araiza that the Decedent Sosa has worked on.

61. Captain's/Mate notebook/diary/log/documents for F/V CAPT BILLY JAVER for 2016-2018.

62. All employee evaluations of the Javer Sosa.

63. All employee evaluations of Franklin Meave Vazquez.

64. All diaries, statements, correspondence, memoranda, or any other electronic communications, writing or report regarding the alleged incident; Javier Sosa's alleged injuries and death; the cause of the alleged incident; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that you have taken or intend to take in this action.

65. Any and all emails, electronic messages, instant messages, text messages, social networking messages and blogs regarding the alleged incident; Javier Sosa's alleged injuries and death; the cause of the alleged incident; liability and defenses; the Claimant's alleged damages and/or that that tends to support a position that you have taken or intend to take in this action

66. Any and all documents regarding drug and alcohol testing performed on the crew members as a result of the alleged incident.

67. Any and all documents regarding the alleged incident sent to and/or received from the MEIN SCHIFF 6, Celebrity Cruises and/or TUI Cruises.

68. Any and all documents regarding criminal action, U.S. v. Vazquez, civ. act. No. 18-10428-ADB.

8

69. Any and all documents Petitioner sent to and/or received from the United States Attorney's office regarding the alleged incident and/or criminal action, U.S. v. Vazquez, civ. act. No. 18-10428-ADB.

70. Any and all documents, electronic recordings, receipts, invoices regarding the cleaning, repair and/or modifications of the F/V BILLY HAVER after the alleged incident.

Respectfully submitted
by the CLAIMANT, GRACIELA S.
SOSA, ADMINISTRATOR &
PERSONAL REPRESENTATIVE OF
THE ESTATE OF JAVIER RANGEL
SOSA

*/s/ Carolyn M. Latti*
Carolyn M. Latti
BBO #567394
David F. Anderson
BBO #560994
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

DATED: 6-2-20

9