UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| In Re: ) | |
| Petition of CAPTAIN JUAN INC., ) | Civil Action No. 19-cv-10719-PBS |
| as owner of the F/V CAPT. BILLY HAVER, ) | |
| for Exoneration from or Limitation of Liability ) | |

## DEFENDANT, GRACIELA SOSA'S, MOTION *IN LIMINE* TO PRECLUDE THE PETITIONER FROM OFFERING INTO EVIDENCE EXHIBITS NOT PRODUCED BEFORE MARCH 22, 2021 ORDER [Doc. #74] LIMITING FURTHER FACT DISCOVERY.

Now comes the Defendant, Graciela Sosa, and pursuant to F.R.Civ.P. 26(a)(2)(A)(ii), F.R.Civ.P. 34, and Fed. R.Civ.P. 37(c)(1), respectfully requests that this Honorable Court enter an Order precluding the Petitioner from offering into evidence at trial any exhibits which were not produced [or identified in full compliance[1] with F.R.Civ.P. 26(a)(2)(a)(ii)] to Defendant, Sosa, before this Court entered its Electronic Order dated 3/22/2021 [Doc. #74] which limited any further fact discovery "to the depositions of the crew members who have been noticed." Defendant respectfully requests that this Honorable Court enter an Order precluding the Petitioner from offering into evidence the proposed exhibits identified within the Joint Pretrial Memorandum as Petitioner's Exhibits #1, #2, #4, #5, #8, #9, #10, #12, #13, #14, #15, #16, #17, #18, and #19.

---

[1] With respect to documents which a party "may use to support its claims or defenses" F.R.Civ.P. 26(a)(2)(a)(ii) requires that a party either A) "Provide to the other parties: ... a copy" or in the alternative B) "Provide to the other parties: ... a description by category and location".

1

As grounds thereof, the Defendant, Sosa, states that, in violation of the clear requirements of Rule 26(a)(2)(A)(ii) and Petitioner's obligations pursuant to Rule 34, the Petitioner did not produce 15 of its proposed trial exhibits during the nearly two years of litigation preceding this Court's March 22, 2021 Order [Doc. #74] limiting fact discovery.  Petitioner's failure to comply with its discovery obligations has unfairly prejudiced the Defendant,  As a remedy, the Defendant seeks exclusion of these 15 Exhibits pursuant to F.R.Civ.P. 37(c).  Defendant further relies upon the below Memorandum and attached Exhibits.

I.     Relevant Facts

Petitioner filed this action in April of 2019.  In October, 2019, Petitioner served its Rule 26(a)(2)(A)(ii) Petitioner's Initial Disclosure.  A complete copy of Petitioner's Initial Disclosure is attached hereto as Exhibit "A".  Petitioner did not produce, a single document with its Petitioner's Initial Disclosure[2].  Petitioner has never served an amended or supplemental Rule 26(a)(2)(A)(ii) disclosure.

In June 2020, Defendant, Sosa, served upon the Petitioner Claimants Request for Production of Documents. [Doc. # 51-1].  In December 2020, the Petitioner served upon the Defendant Petitioner's Response to Sosa's RPDs containing Petitioner's formal response and 162 pages of documents which were "Bates stamped" in the bottom right corner "CJI 001" through "CJI 162".  A Complete copy of Petitioner's Response to Sosa's RPDs including all 162 produced documents (in condensed format) was previously filed with this Court as Doc. # 51-2.

After granting multiple extension of discovery deadlines, on March 22, 2021 this Court ruled on Claimant Herrera's Motion [Doc. #73] requesting a third extension of discovery in this case.  By Electronic Order dated 3/22/2021 [Doc. #74] this Court granted a third extension of

---

[2] On page 5 under "C - Insurance Agreements" Petitioner states "see attached declaration pages".  Contrary to this statement there were no declaration pages attached.

2

discovery deadlines but the Court limited any further fact discovery "to the depositions of the crew members who have been noticed."  An annotated copy of the Court's Electronic Order dated 3/22/2021 [Doc. #74] with attached proposed deadlines is attached hereto as Exhibit "B".

At the time this Court entered the above mentioned Electronic Order dated 3/22/2021 [Doc. #74] the only documents produced by the Petitioner were the 162 pages (Bate stamped CJI 001 - CJI 162) attached to Petitioner's Response to Sosa's RPDs and subsequently filed with this Court (in condensed format) as Doc. #51-2, pages 30-70.  At the time this Court entered the above mentioned Electronic Order dated 3/22/2021 [Doc. #74] Petitioner's Trial Exhibits #1, #2, #4, #5, #8, #9, #10, #12, #13, #14, #15, #16, #17, #18, and #19 had not been produced to the Defendant, Sosa by the Petitioner.  The Petitioner first produced Petitioner's Trial Exhibits #1, #2, #4, #5, #8, #9, #10, #12, #13, #14, #15, #16, #17, #18, and #19 after the Court entered its Electronic Order dated 3/22/2021 [Doc. #74] limiting fact discovery "to the depositions of the crew members who have been noticed." (Ex. "B")   Six of Petitioner's Trial Exhibits (Ex.'s #1, #2, #8, #9, #10 & #13) were not produced until February 3rd or 4th, 2022, after Defendant had completed her portions of the Joint Pretrial Memorandum. [Doc. #140].

Because each of the 15 proposed exhibits have been identified and listed as Petitioner's proposed trial exhibits, they are clearly documents which the Petitioner "may use to support its claims or defenses" and therefore pursuant to Rule 26(a)(2)(A)(ii) Petitioner was required to produce (or in the alternative to identify, describe & provide the document's location) within Petitioner's Initial Disclosure.   Nearly all of these documents were requested by the Defendant Sosa in June 2020,  were not objected to by Petitioner, but were improperly withheld by the Petitioner until after the Court's March 22, 2021 Order [Doc. # 74](Ex. "B") limiting further

discovery.  See, Sosa's Motion to Compel RPDs [Doc. #51]; Memorandum in Support of Sosa's Motion in Limine Re: Recently Disclosed Experts [Doc. # 149].

Defendant, Sosa, has been unfairly prejudiced because as to some of these 15 Trial Exhibits she was severely limited in conducting discovery regarding the documents themselves, and as to the six Trial Exhibits first produced in February 2022, she was unable to conduct any discovery at all.

As a remedy for Petitioner's improper withholding of these documents in violation of Rules 26(a)(2)(A)(ii) and 34, the Defendant seeks, pursuant to Rule 37(c)(1), the exclusion of each of these 15 exhibits at trial.  F.R.Civ.P. 37(c)(1) states:

> *"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."*

Pursuant to Rule 37(c) the presumptive and required remedy for failure to produce or disclose is preclusion unless the proponent of the exhibit proves it was either a) "substantially justified" or b) "harmless".  F.R.Civ.P. 37(c)(1).  See,  Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)( "[T]he required sanction in the ordinary case is mandatory preclusion.");  Alves v. Mazda Motor of Am., Inc., 448 F. Supp. 2d 285, 293 (D. Mass. 2006)(the proponent "has the burden of proving substantial justification or harmlessness.").

Here, the introduction into evidence of 15 trial exhibits which were improperly withheld during the one and one half long unrestricted discovery phase of this case was clearly prejudicial.  Given that nearly all of these documents were requested by Defendant and were improperly

4

withheld, without objection or justification, Petitioner will be unable to meet its burden of proving "substantial justification".

WHEREFORE, Defendant, Sosa, respectfully requests that pursuant to F.R.Civ.P. 26(a)(2)(A)(ii), F.R.Civ.P. 34, and Fed. R.Civ.P. 37(c)(1), that this Honorable Court enter an Order precluding the Petitioner from offering into evidence at trial any exhibits which were not produced [or identified in full compliance with F.R.Civ.P. 26(a)(2)(a)(ii)] to Defendant, Sosa, before this Court entered its Electronic Order dated 3/22/2021 [Doc. #74]. Defendant respectfully requests that this Honorable Court enter an Order precluding the Petitioner from offering into evidence the proposed exhibits identified within the Joint Pretrial Memorandum as Petitioner's Exhibits #1, #2, #4, #5, #8, #9, #10, #12, #13, #14, #15, #16, #17, #18, and #19.

Respectfully submitted on
behalf of the Defendant/Claimant,
Graciela S. Sosa, by her attorneys

/s/ David F. Anderson
David F. Anderson (BBO #560994)
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
Dated: February 13, 2022        DAnderson@LattiAnderson.com

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on the above date, I electronically filed the herewith document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

/s/ David F. Anderson
David F. Anderson