# Exhibit "A"

Attached to:
<u>Defendant Sosa's Motion in Limine Re:</u>

<u>Exhibits Not Produced Before Order dated 3/22/2021 [Doc. # 74]</u>
<u>Limiting Further Discovery</u>

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.: 1:19-cv-10719-PBS

In Re: Petition of CAPTAIN JUAN, INC., )
as owner of the F/V CAPTAIN BILLY HAVER, )
for Exoneration from or Limitation of Liability, )
Petitioner. )
)
)

RECEIVED

OCT 28 2019

LATTI & ANDERSON LLP

## PETITIONER'S INITIAL DISCLOSURES

NOW COMES the Petitioner, Captain Juan, Inc., as owner of the F/V CAPTAIN BILLY HAVER ("Petitioner"), by and through its attorneys, Regan & Kiely, LLP, hereby make the following disclosures in accordance with Local Rule 26.2 and Rule 26(a)(1) of the Federal Rules of Civil Procedure:

These disclosures are based upon preliminary information thus far available to Petitioner and Petitioner therefore reserve the right to supplement and/or amend these disclosures as investigation and discovery continues. Petitioner reserves the right to modify, supplement, and/or amend these disclosures as necessary and appropriate when further information and/or documents become available. Petitioner reserves the right to call any witness or present any exhibit or item at trial not listed herein but determined through discovery or further investigation to support its claims and/or defenses to Claimant's claims. Petitioner further reserves the right to reserves the right to call any witness or present any exhibit or item at trial for impeachment purposes.

Finally, these disclosures are made without waiving the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper grounds; and the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## DISCLOSURES

### A. Individuals Likely to Have Discoverable Information

1. Captain Jose M. Araiza
   1 Dutchess Lane
   Newport News, VA 23608
   *Capt. Araiza is expected to testify regarding the incident for which Petitioner seeks to limit its liability, operation of the F/V CAPTAIN BILLY HAVER, the value of the freight pending at the conclusion of the voyage, his lack of knowledge of any allegedly unseaworthy conditions, his exercise of reasonable care in maintaining and manning the F/V CAPTAIN BILLY HAVER;*

2. Franklin Maeve Vasquez
   96 Edsyl Street
   Newport News, VA 23602
   *Mr. Vasquez is expected to possess information about the incident for which Petitioner seeks to limit its liability;*

3. Juan Zamorano
   900 Daphia Circle
   Newport News, VA 23601
   *Mr. Zamorano may provide information concerning the incident for which Petitioner seeks to limit its liability as well as the maintenance and manning the F/V CAPTAIN BILLY HAVER;*

4. Efraim Villareal
   900 Daphia Circle
   Newport News, VA 23601
   *Mr. Villreal may provide information concerning the incident for which Petitioner seeks to limit its liability as well as the maintenance and manning the F/V CAPTAIN BILLY HAVER;*

5. Julio Munoz Diaz
   506 York River Ln
   Newport News, VA 23602
   *Mr. Diaz may provide information concerning the incident for which Petitioner seeks to limit its liability as well as the maintenance and manning the F/V CAPTAIN BILLY HAVER;*

6. Rafael Herrera
   141 Tidal Drive
   Newport News, VA 23606
   *Mr. Herrera may provide information concerning the incident for which Petitioner seeks to limit its liability, maintenance and manning the F/V CAPTAIN BILLY HAVER, his injuries and present condition, and his alleged damages;*

7. Juan Araiza
   1636 Janke Road
   Virginia Beach, VA 23455
   *Mr. Araiza is expected to testify regarding the value of the F/V CAPTAIN BILLY HAVER and its appurtenances, the value of the freight pending at the conclusion of the voyage, Petitioner's lack of privity or knowledge of any allegedly unseaworthy conditions, Petitioner's exercise of reasonable care in maintaining and manning the F/V CAPTAIN BILLY HAVER;*

8. Graciela Sosa
   538 Onancock Trail
   Newport News, VA 23602
   *Mrs. Sosa expected to testify regarding any pecuniary losses she allegedly suffered as a result of the death of Javier Rangel Sosa;*

9. Javier Rangel Sosa, Jr.
   Street address presently unknown to Petitioner
   New Bedford, MA 02740
   *Mr. Sosa expected to testify regarding any pecuniary losses he allegedly suffered as a result of the death of Javier Rangel Sosa;*

10. Jonathan Sosa
    Street address presently unknown to Petitioner
    Austin, TX
    *Mr. Sosa expected to testify regarding any pecuniary losses he allegedly suffered as a result of the death of Javier Rangel Sosa;*

11. Personnel of the MEIN SCHIFF
    TUI Cruises GmbH
    Heidenkampsweg 58
    20097 Hamburg
    Germany DE
    *Personnel of the MEIN SCHIFF are expected to possess information concerning their response to the F/V BILLY HAVER's distress calls as well as treatment they rendered to Mr. Herrera;*

12. One or more other officers, directors, or managing agents, or designate other person(s) who consent to testify on behalf of Petitioner, Captain Juan, Inc.,
    1636 Janke Road
    Virginia Beach, VA 23455
    *Petitioner's corporate representative(s) may testify regarding the Defendant's operations, including its policies and procedures, Plaintiff's service as a member of the crew of the F/V LEGACY generally, maintenance and cure as well as events and conditions before, during, and after timeframe(s) alleged in Plaintiff's Complaint;*

3

13. Medical Professionals who rendered treatment to Rafael Herrera
    Addresses presently unknown
    *Mr. Herrera's medical treatment professionals are expected to testify regarding treatment rendered to Rafael Herrera and his present condition;*

14. Medical Professionals who attempted to render treatment to Javier Rangel Sosa
    Addresses presently unknown
    *Mr. Sosa's medical treatment professionals are expected to testify regarding efforts to rendered treatment to Rafael Herrera;*

15. Coroner or medical examiner who performed autopsy or post-mortem examination of Javier Rangel Sosa Address presently unknown
    *Any coroner or medical examiner who performed any autopsy or post-mortem examination of Mr. Sosa is expected to testify regarding Javier Rangel Sosa's cause of death, date and time of death;*

16. Dana P. Collyer, NAMS-CMS
    Marine Safety Consultants, Inc.
    26 Water Street
    Fairhaven, MA 02791
    *Mr. Collyer is expected to testify regarding the condition and value of the Vessel, and its pending freight, at the conclusion of the voyage for which Petitioner seeks to limit its liability;* and

17. Neil G. Stoddard,
    Maritime Claims Associates, LLC,
    128 Dean Street, Front, 1st Floor,
    Taunton, Massachusetts 02780-2762
    *Mr. Stoddard is expected to testify regarding the handling of Rafael Herrera's claims for maintenance and cure.*

B. <u>Documents, Electronically Stored Information and Tangible Things</u>

In accordance with Fed. R. Civ. P. 26(a)(1)(ii), the following documents, electronically stored information, and tangible things may be used to support the Petitioner's claims and/or defenses. Necessarily, the following documents, electronically stored information, and tangible things are those of which Petitioner is presently aware, and the following does not include documents, electronically stored information, and tangible things which would be used solely for impeachment. As discovery and its investigation are ongoing, Petitioner reserves the right to supplement this disclosure.

4

1. Settlement sheets for trip of the F/V CAPTAIN BILLY HAVER;
2. Crew contract;
3. The F/V CAPTAIN BILLY HAVER;
4. Surveys of the F/V CAPTAIN BILLY HAVER;
5. Certificate of Documentation;
6. maintenance and cure records;
7. Rafael Herrera's medical records;
8. Javier Rangel Sosa's medical records;
9. Coast Guard report;
10. Records of the MEIN SCHIFF; and
11. Claimants' financial information.

C. Insurance Agreements

Please see attached declaration pages for the applicable policies.

Respectfully submitted,
**Captain Juan, Inc.,**
By its attorneys:

**Regan & Kiely, LLP**

/s/Francis G. McSweeney
Joseph A. Regan, Esq. (BBO #543504)
Francis G. McSweeney, Esq. (BBO #682922)
88 Black Falcon Ave., Ste. 330
Boston, MA 02210
(617)723-0901
(617) 723-0977 (facsimile)
jar@regankiely.com
fgm@regankiely.com

Dated: October 25, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 October 2019 a true copy of the foregoing document was served upon all counsel of record via first class mail, postage prepaid, in compliance with the Federal Rules of Civil Procedure.

/s/ Francis G. McSweeney
Francis G. McSweeney