UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

**Civil Action No. 1:19-cv-10719-PBS**

| | |
|---|---|
| In Re: | ) |
| CAPTAIN JUAN INC., as owners of the | ) |
| F/V CAPTAIN BILLY HAVER, | ) |
|     Petitioner. | ) |

## PETITIONER'S MOTION *IN LIMINE* RE: PRIOR DEPOSITION TESTIMONY OF CO-CLAIMANT, RAFAEL HERRERA

NOW COMES Captain Juan Inc. (hereafter, "Petitioner"), as owner of the F/V CAPTAIN BILLY HAVER (hereinafter, "the F/V CAPTAIN BILLY HAVER" or "the Vessel"), and respectfully requests that this Honorable Court exclude prior deposition testimony of co-claimant, Rafael Herrera. As grounds for this motion, Petitioner states as follows:

Statements made during deposition testimony that are offered at trial to prove the truth of the matter asserted are hearsay. Aubrey Rogers Agency Inc., v. AIG Life Ins. Co., 2000 WL 135129 at *1 (D.Del. 2000). Rule 804(b) carves out an excepts prior deposition testimony from the general proscription of hearsay in the limited circumstances where the declarant is unavailable as a witness at trial. Fed. R. Evid. 804(b). The proponent of the prior deposition testimony bears the burden of proving that each element of Rule 804 applies. See Bradley v. Cicero, 2021 U.S. Dist. Lexis 15818 *, 2021 WL 294286, *31 (D. Mass. Jan. 28, 2021)(Mastroianni, J.); see also United States v. Bartelho, 129 F.3d 663, 670 (1st Cir. 1997); United States v. Omar, 104 F.3d 519, 522 (1st Cir. 1997). A declarant is unavailable where the declarant "is

1

absent from the trial or hearing *and the statement's proponent has not been able, by process or other reasonable means*" the declarant's attendance. Fed. R. Evid. 804(a)(5)(A) (emphasis supplied); see also United States v. McKeeve, 131 F.3d 1, 9 (1st Cir. 1997); Kirk v. Raymark, Inc., 61 F.3d 147, 165 (3rd Cir. 1995) (mere fact that declarant was beyond the court's subpoena power was not sufficient to prove unavailability for purposes of Rule 804 where proponent failed to demonstrate "reasonable means" to procure attendance at trial).

With respect to Mr. Herrera's prior deposition testimony, a single voicemail from Mr. Sosa's counsel is an insufficient showing of "reasonable means" to procure Mr. Herrera's attendance at trial. Mr. Herrera is still represented by counsel. It is entirely possible he was reticent to speak with Mrs. Sosa's attorneys ex parte. Mrs. Sosa's attorneys have not suggested that Mr. Herrera's counsel refused to produce his client, in fact, they have not suggested that Mr. Herrera's attorney was ever contacted regarding his attendance at trial. Mr. Herrera voluntarily attended his deposition during discovery and so there is no reason to believe that he would not voluntarily testify at trial. This is particularly true where remote attendance via Zoom is an option.

WHEREFORE, Petitioner respectfully requests that this Honorable Court exclude the prior deposition testimony of Rafael Herrera.

> Respectfully Submitted:
>
> For the Petitioner,
> **Captain Juan Inc., as owners of
> the F/V CAPTAIN BILLY HAVER,**
> By its attorneys,

**Regan & Kiely, LLP,**

/s/ Francis G. McSweeney
Joseph A. Regan, Esquire (BBO #543504)
Francis G. McSweeney, Esq. (BBO #682922)
40 Willard Street, Suite 304
Quincy, MA  02169
(617)723-0901
(617)723-0977 *facsimile*
jar@regankiely.com
fgm@regankiely.com

Dated: March 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system, will be sent electronically to all registered participants as identified on the Notice of Electric Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on March 1, 2022.

/s/ Francis G. McSweeney
Francis G. McSweeney